# UNITED STATES COURT OF APPEALS
## *for the*
## FOR THE FIRST CIRCUIT

Case No. 25-1223

Jonathan Affleck,
Plaintiff-Appellant

v.

Harvard Crimson Inc
Defendant-Appellee

## Motion to Strike Improper Reliance on *Martillo v. Twitter*

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's inherent authority to supervise the record and ensure orderly appellate review, Plaintiff-Appellant respectfully moves to strike those portions of Appellee's Response Brief that rely on *Martillo v. Twitter, Inc.*, 2022 WL 18862030 (1st Cir. Oct. 4, 2022), as if it were a binding or preclusive adjudication of Plaintiff's claims in this appeal.

## Improper Reliance on Unserved, IFP Dismissal

*Dismissed sua sponte under § 1915(e)(2)(B)*

The Appellee repeatedly refers to *Martillo* (see Response Brief at 2:21-3:4, 6:6-6:26, 17:2-17:5, 30:20-33:3) as if it definitively resolved the status of Harvard Crimson under common carriage or public accommodations law. However, *Martillo* was filed *in forma pauperis* (IFP) and was dismissed prior to issuance of summons and service of process under 28 U.S.C. § 1915(e)(2)(B). No adversarial litigation occurred, and no defendant responded to the complaint.

The Supreme Court has made clear that such IFP dismissals—especially those rendered *sua sponte* prior to service-do not have claim-preclusive effect. See *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("Because a § 1915(d) dismissal is not a dismissal on the merits, it is not a bar to the plaintiff's refiling the suit.").

Appellee fails to disclose this procedural posture and instead invites the Court to treat *Martillo* as if it had binding effect on the issues now raised. That is legally incorrect and misleading.

*No Res Judicata or Collateral Estoppel Applies*

Even if *Martillo* had proceeded to adjudication, neither res judicata nor issue preclusion applies. The parties are not identical; the factual record, legal theories, and context differ; and no judgment was rendered "on the merits." The Appellee has made no showing to support preclusion doctrines-and the district court below did not rely on them.

*Limited to abuse-of-discretion review on appeal*

Plaintiff's appeal in *Martillo* was explicitly limited to an abuse of discretion challenge regarding the *sua sponte* dismissal under § 1915(e), because no factual record existed for *de novo* review. See *Martillo*, 2022 WL 18862030, at *1.

Appellee's use of *Martillo* thus misrepresents the procedural history and legal import of that matter.

**Summary**

Unlike *Martillo*, this case was fully served, litigated below, and presents a developed record and distinct claims. Allowing Appellee's improper reliance on *Martillo* to stand may mislead the Court about the legal status of Plaintiff's

claims, especially given the superficial procedural treatment in that unrelated matter. In *Castro v. United States*, 540 U.S. 375, 386 (2003), the Supreme Court teaches care not to allow summary dismissals to foreclose a legitimate claim. See also 18A Fed. Prac. & Proc. Juris. § 4435 (3d ed.) (on limits of preclusion after non-merits dismissals).

**Relief Requested**
For these reasons, Plaintiff respectfully asks the Court to:

1. Strike all references to *Martillo v. Twitter* that suggest the case is binding, preclusive, or controlling as to the legal issues in this appeal; or

2. Disregard such references in evaluating the merits, in light of the inapposite and non-preclusive nature of that summary IFP dismissal.

Respectfully submitted,

*Jonathan Affleck*

Jonathan Affleck

July 2, 2025

# Certificate of Service

I hereby certify that on July 02, 2025, I caused a copy of this Motion to Strike to be served via electronic filing through the CM/ECF system upon counsel for the Appellee:

Rachel Strom Alexandra Perloff-Giles
Davis Wright Tremaine LLP
1251 Avenue of the Americas,
21st Floor
New York, NY 10020
rachelstrom@dwt.com
alexandraperloffgiles@dwt.com

Respectfully submitted,

*Jonathan Affleck*
Jonathan Affleck